UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUZANNE CARTER and <br> DONALD CARTER, <br>       Plaintiffs, <br> v. <br> EQUIFAX INFORMATION <br> SERVICES, LLC, *et al.*, <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    No.: 3:13-CV-469-TAV-HBG <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION**

This civil action is before the Court on Portfolio Recovery Associates, LLC's Motion to Dismiss [Doc. 18]. Plaintiffs responded in opposition [Doc. 23], and Portfolio Recovery Associates, LLC ("PRA") replied [Doc. 24]. Subsequently, the Court granted plaintiffs' counsel's motion to withdraw [Doc. 26]. The Court then ordered plaintiffs to notify the Court whether they wished to strike their response in opposition to PRA's motion to dismiss—which was filed by their former counsel—and file another response within a reasonable period of time [Doc. 27]. Plaintiffs gave no such notice within the time frame provided by the Court, and thus, as the Court stated in its order [*Id.*], the Court will decide the motion to dismiss in light of the current record.

The Court has thoroughly considered the arguments of the parties, the relevant documents, and the controlling law. For the reasons set forth herein, PRA's motion will be granted, and PRA will be dismissed as a defendant in this case.

**I.   Background**

As is pertinent to this motion, plaintiff Suzanne Carter sought treatment from HRC Medical Centers ("HRC") in 2011 [Doc. 1 ¶ 12]. HRC informed Suzanne Carter that a one-year course of treatment would cost $2,600, and she began undergoing treatment, though plaintiffs allege she never signed a written agreement pertaining to the treatment or its cost [*Id.* ¶¶ 13–15]. Plaintiffs state that HRC "set up a credit account [for $3,000] with GE Money Bank [("GMB")] to finance the payments on the treatments" [*Id.* ¶ 14]. When plaintiffs determined that the treatments were not working, they sought a refund, to which they allege HRC agreed [*Id.* ¶¶ 15–16]. Therefore, plaintiffs submit, they expected to receive a refund for all or most of the amount due for the treatment [*Id.* ¶ 16]. Plaintiffs later discovered that HRC was being sued by the Tennessee Attorney General under the Tennessee Consumer Protection Act for the claims it made concerning its treatment program, and by the end of 2012, the Circuit Court for Davidson County appointed a temporary receiver to preside over HRC's assets [*Id.* ¶ 17].

Although plaintiffs expected a refund of the amount owed to HRC, Suzanne Carter received a bill from GMB, who had financed the cost of her treatment [*Id.* ¶ 18]. Plaintiffs immediately contacted GMB to dispute the bill and notify GMB that HRC had agreed to a refund [*Id.*]. As a result, GMB investigated the dispute between plaintiffs and HRC [*Id.* ¶ 19]. HRC denied that Suzanne Carter was entitled to a full refund and instead submitted that she was due a $400 credit [*Id.*]. As a claimed gesture of goodwill, however, HRC increased this credit to $1,000 [*Id.*]. Following the $1,000 credit,

2

Suzanne Carter had a balance with GMB of $1,300 [*Id.* ¶ 20]. Suzanne Carter continued to dispute the amount owed to GMB, and plaintiffs aver that GMB eventually "charged off the amount due and sold the account to [PRA]" [*Id.* ¶ 21].

Plaintiffs, who jointly own real property, were rejected in their December 2012 attempt to refinance this property through Chase Mortgage because the amount owed to GMB—and subsequently PRA—was delinquent [*Id.* ¶¶ 22–23]. According to plaintiffs, this denial of refinancing was rooted in the fact that their credit scores had plummeted because of the reported delinquent loan, despite their otherwise excellent credit histories [*Id.* ¶ 23].

Suzanne Carter disputed the reporting of the account on her credit report with defendant Equifax Information Services, LLC ("Equifax") on or about January 17, 2013 [*Id.* ¶ 24]. She submits that Equifax did not take action with regard to the dispute within the thirty-day period mandated under the Fair Credit Reporting Act ("FCRA") [*Id.*]. On or about May 9, 2013, Suzanne Carter notified PRA of her dispute as to the PRA account listed on her credit report and included supporting documentation so that PRA would be able to investigate the dispute [*Id.* ¶¶ 25–26]. On that same day, she likewise notified defendants Equifax, Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") [*Id.* ¶ 25]. Fifteen days later, on May 24, PRA "responded by indicating that the Plaintiff's dispute was irrelevant or frivolous as it was the same as [the] one previously submitted" [*Id.* ¶ 29]. On August 7, 2013, plaintiffs initiated this

3

Case 3:13-cv-00469-TAV-HBG   Document 29   Filed 03/25/14   Page 3 of 8   PageID #: 142

matter against PRA and the three aforementioned credit reporting agency defendants [*See generally id.*].

Plaintiffs submit that PRA violated the FCRA—and more specifically 15 U.S.C. § 1681s-2(b)—by ignoring the information provided by Suzanne Carter along with her notice regarding the accuracy or completeness of the information PRA was reporting to the three national credit bureaus concerning her account and therefore either willfully or negligently failing to conduct an investigation regarding such information, as required by law [*Id.* ¶¶ 43–47]. As a result of PRA's conduct, plaintiffs allege they have lost the ability to obtain credit in order to refinance their real property and have consequently been injured in a variety of ways [*Id.*].

PRA filed the instant motion to dismiss in response to plaintiffs' complaint, contending that plaintiffs' claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for a variety of reasons, including that (1) the FCRA does not protect a consumer who cannot show that his or her consumer report is inaccurate, and plaintiffs have not alleged that they do not legally owe the amount of the debt reported by PRA; and (2) PRA was not required to investigate the quality of the services rendered by HRC and merely had to verify that the debt was owed [Doc. 18 p. 2].

Plaintiffs respond that they have "simply alleged that [PRA] failed in its obligation to conduct a reasonable reinvestigation," which "is more than enough to state a claim at this point in the litigation where the court is required to take all allegations in the Complaint as true" [Doc. 23 p. 3].

4

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

**III. Analysis**

PRA acknowledges that it is a "furnisher[] of information" within the meaning of 15 U.S.C. § 1681s-2(b) [Doc. 19 p. 5]. Pursuant to that section:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a [furnisher of information] to a consumer reporting agency, the [furnisher] shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). "[The] FCRA expressly creates a private right of action against a furnisher who fails to satisfy one of five duties identified in § 1681s–2(b)." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 618 (6th Cir. 2012).

6

However, as case law cited by PRA makes clear, "plaintiff must show that the furnisher received notice [of the dispute] from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Robinson v. Am. Honda Fin. Corp.*, No. 03-2220 B/A, 2005 WL 1009568, at *2 (W.D. Tenn. Mar. 31, 2005) (quoting *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853–54 (6th Cir. 2004)); *see also Hawes v. Bank of Am., N.A.*, No. 13-CV-10063, 2013 WL 4053143, at *3–4 (E.D. Mich. Aug. 12, 2013). Indeed, "'the fact that [the furnisher] had actual notice of the dispute is irrelevant. A furnisher of incorrect credit information must have received notice from the credit reporting agency in order for subsection (b) duties to be triggered.'" *Misialowski v. DTE Energy Co.*, No. 07-14452, 2008 WL 2998948, at *3 (E.D. Mich. Aug. 1, 2008) (quoting *Zager v. Deaton*, No. 1-03-1153, 2005 WL 2008432, at *5 (W.D. Tenn. Aug. 16, 2005)).

Plaintiffs' complaint alleges that Suzanne Carter "lodged a dispute of the account directly with [PRA]" around May 9, 2013 [Doc. 1 ¶ 26]. Further, plaintiffs' claims against PRA stem from their allegation that PRA "had an obligation [to conduct an investigation] pursuant to the FCRA upon receiving a notice from Suzanne Carter regarding the completeness or accuracy of the information [PRA] was reporting regarding her account" and ignored this information and obligation, thereby shirking its 15 U.S.C. § 1681s-2(b) duty to investigate [*Id.* ¶¶ 44, 47]. Plaintiffs also submit that Suzanne Carter notified defendants Equifax, Trans Union, and Experian of the dispute.

Yet, plaintiffs do not allege that the furnisher, PRA, received notice of their dispute from a credit reporting agency—a classification that includes the other three

7

defendants in this case—or that a credit reporting agency attempted to notify PRA. Instead, plaintiffs assert that Suzanne Carter notified PRA. Because notice from a plaintiff does not satisfy the 15 U.S.C. § 1681s-2(b) notice requirement, plaintiffs have not alleged facts that would trigger a 15 U.S.C. § 1681s-2(b) duty on the part of PRA to conduct a reasonable investigation. *Downs*, 88 F. App'x at 853–54; *see also Hawes* 2013 WL 4053143, at *3–4; *Misialowski*, 2008 WL 2998948, at *3; *Robinson*, 2005 WL 1009568, at *3. Therefore, plaintiffs have failed to state a claim upon which relief may be granted under 15 U.S.C. § 1681s-2(b).

**IV. Conclusion**

For the reasons stated herein, the Court will **GRANT** Portfolio Recovery Associates, LLC's Motion to Dismiss [Doc. 18].

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE