UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUZANNE CARTER and<br>DONALD CARTER,<br><br>      Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.: 3:13-CV-469-TAV-HBG<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

This civil action is before the Court on Defendants Equifax Information Services LLC, Trans Union LLC, and Experian Information Solutions, Inc.'s Joint Motion to Dismiss for Want of Prosecution and Incorporated Memorandum of Law [Doc. 37]. Plaintiffs did not respond to this motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons stated herein, and in light of plaintiffs' lack of opposition, the motion will be granted. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

I.    **Background**

As is pertinent to this motion, plaintiff Suzanne Carter sought treatment from HRC Medical Centers ("HRC") in 2011 [Doc. 1 ¶ 12]. A dispute arose as to the amount plaintiffs owed for this treatment, and ultimately, defendants Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information

Solutions, Inc. ("Experian") (collectively, the "Credit Agency Defendants") reported the amount disputed by plaintiffs as an account owed, resulting in adverse credit consequences for plaintiffs [*Id.* ¶¶ 23, 25]. As a result, on August 7, 2013, plaintiffs brought this action against Equifax, Trans Union, and Experian, as well as Portfolio Recovery Associates, LLC ("Portfolio"), the latter of which has since been dismissed as a defendant [Doc. 30]. Plaintiffs allege violations of 15 U.S.C. § 1681 *et seq.* [*Id.* ¶¶ 33, 39].

On November 1, 2013, plaintiffs' counsel filed a motion to withdraw [Doc. 25], which the Court granted on December 11, 2013 [Doc. 26]. In support of his motion to withdraw, plaintiffs' counsel averred that "Plaintiff Donald Carter informed counsel that he no longer wished to pursue the matter as Plaintiff Suzanne Carter had abandoned the marital home, and moved to Ohio" [Doc. 25 ¶ 3]. Counsel added: "It is apparent that the Plaintiff Suzanne Carter has not only abandoned the marital home, but has likewise abandoned this litigation" [*Id.* ¶ 6]. Plaintiffs have filed nothing in the record since their counsel moved to withdraw on November 1.

More specifically related to plaintiffs' claims against the Credit Agency Defendants, Equifax delivered a letter to plaintiffs via UPS Overnight Delivery and USPS Express Mail at the addresses provided to the Court by plaintiffs' former counsel, and this letter included Equifax's initial disclosures and a dial-in phone number to access a telephonic Rule 26(f) conference on the proposed date and time of April 23, 2014, at 11:00 a.m. [Doc. 37-1 ¶¶ 3, 4]. Counsel for Equifax states that "[o]n April 22, 2014, [he]

received a call from Plaintiff Suzanne Carter in which she acknowledged receipt of the letter, and believed the whole case was dismissed, not just those claims against Portfolio" [*Id.* ¶ 5]. Plaintiff Suzanne Carter further represented that she would consult with her former counsel and acknowledged the information in the letter concerning the proposed Rule 26(f) conference [*Id.* ¶ 6]. Further, she reset the Rule 26(f) conference for Friday, April 25, 2014, at 10:00 a.m. [*Id.*].

After talking with plaintiff Suzanne Carter, counsel for Equifax called plaintiff Donald Carter and left a voicemail informing him of the change in the date and time of the Rule 26(f) conference [*Id.* ¶ 7]. On April 23, 2014, at 11:00 a.m., the originally scheduled time for the Rule 26(f) conference, counsel for Equifax attempted to reach plaintiff Donald Carter by accessing the conference call, but after no one else had accessed the call by 11:30 a.m., he disconnected the call [*Id.* ¶ 8]. On April 25, 2014, counsel for the Credit Agency Defendants convened telephonically using the conference call information contained in the letter sent to plaintiffs and, finding no one else on the call, conducted the Rule 26(f) conference in plaintiffs' absence [*Id.* ¶¶ 9, 10]. Counsel for Equifax sent a copy of a report on the Rule 26(f) conference to plaintiff Donald Carter, but this report was returned to counsel for Equifax on May 20, 2014, along with a note stating: "Not my case or credit – send to Ohio" [*Id.* ¶ 11].

On April 30, 2014, counsel for Trans Union served plaintiffs with written discovery requests [Doc. 37-2 ¶ 2]. According to the Credit Agency Defendants, plaintiffs' responses to these requests were due no later than June 2, 2014 [Doc. 37 pp. 3–

3

4]. On May 19, 2014, counsel for Trans Union received the requests sent to plaintiff Donald Carter along with a note stating: "Not my case or credit. No more mail @ TN address – send to Ohio only" [Doc. 37-2 ¶ 3]. As of June 9, 2014, the date on which the Credit Agency Defendants filed the instant motion, counsel for Trans Union had not received any response to the discovery requests sent to plaintiff Suzanne Carter and had received no additional response from plaintiff Donald Carter [*Id.* ¶ 4]. Indeed, nothing has been filed in the record since the instant motion.

## II.     Standard of Review

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

"This measure is available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties." *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001). As the present motion acknowledges,

> The factors to consider before imposing such a dismissal are whether: 1) the failure to cooperate with the court's orders was wilful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered.

*Id.* at 199. But, "those factors are merely guideposts[,] . . . *not* required 'elements.'" *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (footnote omitted). "Rather, any sanction-motivated dismissal, *even "with prejudice,"* is justifiable in any

4

case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff.'" *Id.* (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)).

**III. Analysis**

In weighing the four factors, the Court begins with whether plaintiffs' failure to cooperate with the Court's orders was willful or in bad faith. The Court ordered the parties to conduct a Rule 26(f) conference, file a discovery plan, and exchange initial disclosures within thirty days of the Court's ruling on Portfolio's motion to dismiss [Doc. 28]. The Court ruled on that motion to dismiss on March 25, 2014 [Docs. 29, 30]. Plaintiffs did not serve initial disclosures, participate in the Rule 26(f) conference, or file a discovery plan within this time frame, despite being sent notice of the conference and initial disclosures from Equifax, and even though the Credit Agency Defendants allowing plaintiff Suzanne Carter to reset the date and time of the conference.

Based upon her telephonic statements to counsel for Equifax, plaintiff Suzanne Carter was under the impression that this entire case was dismissed when the Court dismissed Portfolio. Despite learning otherwise in speaking with counsel for Equifax, plaintiff Suzanne Carter has filed nothing in the record and has made no meaningful attempt to prosecute this case or comply with the Court's orders since March 25, the date on which the thirty-day period for compliance was triggered. Meanwhile, plaintiff Donald Carter has sent correspondence since the Court's order [Doc. 28] stating that this

5

matter is not his case and does not involve his credit, in addition to informing his former counsel at least as far back as November 1, 2013, that he no longer wished to pursue the claims involved in this case. In fact, plaintiffs have filed nothing in the record since November 1, 2013, when their counsel moved to withdraw. In light of the foregoing, the Court concludes that plaintiffs' failure to cooperate with the Court's orders was willful.

As for whether the Credit Agency Defendants have suffered prejudice, one court observed that "Defendants would be prejudiced if they had to continue their defense where Plaintiff willfully declined to respond to their Motion to Dismiss." *Kleiman v. Hurley*, No. CIV.A. 10-214-DLB, 2011 WL 165400, at *1 (E.D. Ky. Jan. 19, 2011). Likewise, the Credit Agency Defendants are prejudiced by having to continue to defend this action despite plaintiffs willfully declining to respond to their motion to dismiss, comply with the Court's orders, or otherwise prosecute this action. Furthermore, the Credit Agency Defendants' motion to dismiss serves as a warning to plaintiffs that dismissal will be within the Court's contemplation, absent a response from plaintiffs rebutting the Credit Agency Defendants' basis for seeking dismissal. Finally, the Court has considered less severe sanctions, but in light of plaintiffs' conduct and statements—which reveal that they have abandoned prosecution of this matter—the Court finds that dismissal is warranted.

In sum, consideration of the four factors militates in favor of dismissal.

## IV. Conclusion

For the reasons stated herein, and in light of the lack of opposition, Defendants Equifax Information Services LLC, Trans Union LLC, and Experian Information Solutions, Inc.'s Joint Motion to Dismiss for Want of Prosecution and Incorporated Memorandum of Law [Doc. 37] will be **GRANTED**, and plaintiffs' causes of action against Equifax, Trans Union, and Experian will be **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE